Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email:  ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THEDA TOYE,
*On behalf of Plaintiff and similarly situated individuals*,

              CASE NO. 1:21-cv-07184

       Plaintiff,    **COMPLAINT**

-against-


QUESTFLEET LLC, JOES, NAPA JOE'S 4 INC.,
JOESONS AUTO PARTS INC., and RAYMOND PICHARDO,


              ECF Case,

      Defendant(s).

---

Plaintiff, THEDA TOYE, on behalf of Plaintiff and similarly situated individuals, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), QUESTFLEET LLC, NAPA JOE'S 4 INC., JOESONS AUTO PARTS INC., (hereinafter together "Corporate Defendants") and RAYMOND PICHARDO, (collectively "Defendant(s)"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff and Plaintiff and similarly situated individuals' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, THEDA TOYE, is an adult resident of Richmond County, New York.

6. Upon information and belief, Defendant, QUESTFLEET LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 634 Route 109, Lindenhurst, New York 11757.

7. Upon information and belief, Defendant, RAYMOND PICHARDO, is an owner, officer, director and/or managing agent of Defendant, QUESTFLEET LLC, who participated in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. §

791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with Defendant, QUESTFLEET LLC.

8. At all relevant times, Defendant, QUESTFLEET LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Upon information and belief, Defendant, NAPA JOE'S 4 INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 4150 Hyland Boulevard, Staten Island, New York 10308.

10. At all relevant times, Defendant, NAPA JOE'S 4 INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Upon information and belief, Defendant, JOESONS AUTO PARTS INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 421 Port Richmond Avenue, Staten Island, New York

12. At all relevant times, Defendant, JOESONS AUTO PARTS INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. As set fort below, Corporate Defendants were joint employers of Plaintiff and similarly situated individuals.

14. At all relevant times, the work performed by Plaintiff and similarly situated individuals were directly essential to the business operated by Defendant(s).

15. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

16. In or about the beginning of September 2021, Plaintiff was hired by Defendant, RAYMOND PICHARDO, to work as a driver delivering packages to various auto mechanic businesses for Corporate Defendants, JOESONS AUTO PARTS INC. and NAPA JOE'S 4 INC.

17. Plaintiff was compensated and continues to be compensated $120.00 a day.

18. At the beginning of her employment, Plaintiff was assigned to work for Defendant, JOESONS AUTO PARTS INC., located at 421 Port Richmond Avenue, Staten Island, New York.

19. Defendant, RAYMOND PICHARDO, only would communicate Plaintiff's schedule, which was 8:00 a.m. to 5:00 p.m.

20. Each day, Plaintiff reported to Defendant, JOESONS AUTO PARTS INC., store located at 421 Port Richmond Avenue, Staten Island, New York.

21. If the capacity of drivers reporting to Defendant, JOESONS AUTO PARTS INC., store located 421 Port Richmond Avenue, Staten Island, New York was filled, Plaintiff was be ordered by the dispatcher, "Andre", to report to Defendant, NAPA JOE'S 4 INC., store located at 4150 Hyland Boulevard, Staten Island, New York 10308.

22. Thereafter, Plaintiff would begin her duties delivering packages at the direction of Defendants', JOESONS AUTO PARTS INC. and NAPA JOE's 4 INC., dispatchers.

23. Although Defendant, RAYMOND PICHARDO, informed Plaintiff her schedule was 8:00 a.m. to 5:00 p.m., Plaintiff often worked past 5:00 p.m. at the direction of JOES Dispatchers to task assignments that would result in Plaintiff working over 5:00 p.m.

24. Defendant, JOES, also supervised Plaintiff by monitoring Plaintiff to ensure timely delivery.

25. Additionally, Defendant JOES had direct control over the methods and manner in which Plaintiff delivered packages by assigning her delivers in accordance with the needs of Joes.

26. Upon her recall and recollection, Plaintiff's working hours was on average, 8:00 a.m. to 5:15 p.m. without a lunch break, or nine and a half (9 ½) hours a day Monday through Friday.

27. Also, Plaintiff was directed to report on Saturdays by JOES Dispatcher from 8:00 a.m. to 3:00 p.m.

28. By way of example and upon her recall and recollection, Plaintiff worked Monday through Friday, 8:00 a.m. to 5:15 p.m. and Saturday 8:00 a.m. to 3:00 p.m, or fifty-three and a half (53 ½) hours the week of December 5, 2021.

29. In return for her work, Plaintiff was compensated $120.00 a day.

30. Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff and similarly situated individuals.

31. Defendant, RAYMOND PICHARDO, is an individual who, upon information and belief, owns the stock of QUESTFLEET LLC, owns QUESTFLEET LLC, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

32. Defendant, RAYMOND PICHARDO, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that RAYMOND PICHARDO has and has had the power to (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

33. Plaintiff and similarly situated individuals were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

34. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff and similarly situated individuals' wages for hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

35. At all relevant times, upon information and belief, and during Plaintiff and similarly situated individuals' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

36. Defendant(s) did not provide Plaintiff and similarly situated individuals with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

37. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff and similarly situated individuals worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

38. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

39. Plaintiff and similarly situated individuals have been substantially damaged by the Defendant(s)' wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

41. The Plaintiff brings this FLSA Collective action on behalf of Plaintiff and all other persons similarly situated under §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

42. The Collective Class consists of all current and former non-exempt delivery drivers paid on a daily basis.

43. Section 13 of the FLSA exempts specific categories of individuals from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Plaintiff or Collective Members.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

44. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "43" of this Complaint as if fully set forth herein.

45. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendant(s) employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

47. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

48. Plaintiff and similarly situated individuals were entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

49. Defendant(s) failed to pay Plaintiff and similarly situated individuals compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

50. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

51. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due, and that non-payment of an overtime rate would financially injure Plaintiff and similarly situated individuals.

52. Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

53. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendant(s). Plaintiff and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendant(s) failed to disclose or apprise Plaintiff and similarly situated individuals properly of the rights under the FLSA.

55. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages under the FLSA.

56. Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

57. Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

58. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "57" of this Complaint as if fully set forth herein.

59. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff and similarly situated individuals.

60. Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in a week.

61. By failing to compensate Plaintiff and similarly situated individuals a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

62. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

63. Therefore, Defendant(s) knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate.

64. Due to the Defendant(s)' NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and § 198.

65. Plaintiff and similarly situated individuals also seek liquidated damages under NYLL § 663(1).

## COUNT 3
**[Failure to provide a Wage Notice]**

66. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

68. Defendant(s) has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

69. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

70. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

71. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. Defendant(s) has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

73. Through knowingly or intentionally failing to provide the Plaintiff and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

74. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 23, 2021

Respectfully submitted

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 0945)