LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

July 8, 2022

Hon. Brian Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
**Filed via ECF**

**RE:** *Theda Toye vs. Questfleet LLC et. al.,* Docket No. 1:21-cv-07184-BMC
  **(Settlement Approval)**

Dear Judge Cogan:

Plaintiff, Theda Toye, ("Plaintiff") requests that Your Honor review and approve the settlement reached in this matter. A copy of the executed settlement agreement is annexed herein as Exhibit "**A**."

## BACKGROUND

Plaintiff filed a Complaint asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay wages at the lawful rate, failing to provide a wage notice pursuant to §195(1) of the NYLL, and failing to provide accurate wage statements pursuant to §195(3).

## CLAIMS

**Plaintiffs' Claims**

Plaintiff claimed she was employed by the Defendants, as joint employers, from August 2014 through April 9, 2018, Plaintiff filed a complaint, alleging that Defendants failed to pay him in accordance under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Further, Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that NYLL requires under the Wage Theft Prevention Act.

In or about the beginning of September 2021, Plaintiff was hired by Defendant, RAYMOND PICHARDO, to work as a driver delivering packages to various auto mechanic businesses for Corporate Defendants, JOESONS AUTO PARTS INC. and NAPA JOE'S 4 INC.

Plaintiff was compensated and continues to be compensated $120.00 a day. At the beginning of her employment, Plaintiff was assigned to work for Defendant, JOESONS AUTO PARTS INC., located at 421 Port Richmond Avenue, Staten Island, New York. Defendant, RAYMOND PICHARDO, only would communicate Plaintiff's schedule, which was 8:00 a.m. to 5:00 p.m.

Each day, Plaintiff reported to Defendant, JOESONS AUTO PARTS INC., store located at 421 Port Richmond Avenue, Staten Island, New York.  If the capacity of drivers reporting to Defendant, JOESONS AUTO PARTS INC., store located 421 Port Richmond Avenue, Staten Island, New York was filled, Plaintiff was be ordered by the dispatcher, "Andre", to report to Defendant, NAPA JOE'S 4 INC., store located at 4150 Hyland Boulevard, Staten Island, New York 10308. Thereafter, Plaintiff would begin her duties delivering packages at the direction of Defendants', JOESONS AUTO PARTS INC. and NAPA JOE's 4 INC., dispatchers.

Although Defendant, RAYMOND PICHARDO, informed Plaintiff her schedule was 8:00 a.m. to 5:00 p.m., Plaintiff often worked past 5:00 p.m. at the direction of JOES Dispatchers to task assignments that would result in Plaintiff working over 5:00 p.m. Defendant, JOES, also supervised Plaintiff by monitoring Plaintiff to ensure timely delivery. Additionally, Defendant JOES had direct control over the methods and manner in which Plaintiff delivered packages by assigning her delivers in accordance with the needs of Joes.

## SETTLEMENT AMOUNT

The Parties resolved this matter through an agreement by Parties in the monetary amount of $10,000.00, with Plaintiff receiving a total of $6,158.80. Lawrence Spasojevich, Esq. will receive $3,079.40 in attorneys' fees and $761.80 costs.

Upon her recall and recollection, Plaintiff's working hours was on average, 8:00 a.m. to 5:15 p.m. without a lunch break, or nine and a half (9 ½) hours a day Monday through Friday. Also, Plaintiff was directed to report on Saturdays by JOES Dispatcher from 8:00 a.m. to 3:00 p.m. By way of example and upon her recall and recollection, Plaintiff worked Monday through Friday, 8:00 a.m. to 5:15 p.m. and Saturday 8:00 a.m. to 3:00 p.m, or fifty-three and a half (53 ½) hours the week of December 5, 2021.

Therefore, Plaintiff's best-case award would be $9,112.50 for unpaid overtime wages, $9,112.50 in liquidated damages, and $10,000.00 for violations of the Wage Theft Prevention Act.

Therefore, given the defenses as asserted by the Defendants, a settlement of $10,000.00 which compensates Plaintiff one hundred percent (100%) of wages owed as well as some amount in compensatory damages, as alleged by the Plaintiff, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel.

## ATTORNEY FEES

Under Plaintiff's professional services-contingency fee agreement with the Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $3,079.40 in attorney's fees and $761.80 costs. According to the retainer agreement, Plaintiff's counsel is to receive one-third of any recovery and reimbursement for all expenses incurred. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, and his fee has been wholly contingent upon the result achieved.

Here the attorney fee, which accounts for one-third (1/3) of the total settlement amount, is consistent with contingency fee agreements that the Second Circuit commonly approves in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; See also Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013).

The Courts routinely utilize the lodestar method when approving attorney's fees under a contingency agreement. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014).

The amount of attorney's fees is based on the presumptively reasonable fee, sometimes called the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *See Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved or the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the 'undesirability of the case;'
> (11) the nature and length of the professional relationship with the client; and,
> (12) awards in similar cases.

*See Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009). In recent cases in this district, the court has found hourly rates ranging from $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants to be reasonable." *See Cohetero v. Stone & Tile, Inc.*, No. 16-CV4420(KAM)(SMG), 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018) (citations omitted); *accord Hall v. Prosource Techs., LLC,* No. 14-CV-2502(SIL), 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) (identifying a range of hourly rates prevailing in this district); *see also Ramos v. Nikodemo Operating Corp.* No. 16-CV1052(KAM)(JO), slip op. at 21 (E.D.N.Y. Aug. 7, 2017) (ECF No. 42).

Plaintiff seeks an hourly rate of $400.00 for Lawrence Spasojevich, who was an attorney at the Law Offices of James F. Sullivan, P.C. and now an attorney at Aidala, Bertuna & Kamins, P.C. Lawrence Spasojevich is a 2009 graduate of the University of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Seventy percent (70%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Before joining the Law Offices of James F. Sullivan, P.C. and Aidala, Bertuna & Kamins, P.C., Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York, where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Here, the fee amount of $3,079.40 is less than the lodestar amount of $4,321.00 Contemporaneous time records of work performed concerning the case are attached hereto as Exhibit "**B**." The proposed allocation represents a lodestar multiplier of .71. The Plaintiff and the Plaintiff's counsel have a contingent fee agreement compensating the Plaintiff's counsel one-third of any settlement plus prepaid costs and expenses. Nothing additional is to be paid by the Plaintiff to the Plaintiff's counsel.

## **CONCLUSION**

In light of the foregoing, the Plaintiffs submit that the proposed Agreement reflects a fair and reasonable resolution of the matter achieved through discovery and a number of arm's-length negotiations between skilled and experienced counsel, in a context where all parties faced significant litigation risks with respect to hotly contested factual and legal issues. Further, the proposed fees and costs are appropriate in this case. Therefore, the Plaintiff respectfully request that the Court approve the proposed Agreement as fair and reasonable and permit the parties to dismiss this action with prejudice.

I thank the Court for its attention to this matter.

Respectfully,

_____/S/_____
Lawrence Spasojevich, Esq.